IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD HOWARD BRODT,  :
    Plaintiff  :
  :
v.  :    Civil No. AMD 06-2331
  :
STATE OF MARYLAND, et al.,  :
    Defendants  :

...o0o...

MEMORANDUM OPINION

The plaintiff, Ronald H. Brodt, acting pro se, instituted this action, an ostensible class action, against defendants (1) State of Maryland, (2) Harford County, MD, (3) Pam Arney, and (4) Marika Krejci (each of whom apparently is an employee of Harford county), seeking injunctive and declaratory relief. Bordt purports to allege claims for deprivation of his rights under the Fourth Amendment, and the due process and equal protection clauses of the Fourteenth Amendment, of the federal constitution. Now pending is defendant State of Maryland's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), to which plaintiff has filed an opposition.

The gravamen of plaintiff's claims is that Harford County has undertaken to regulate plaintiff's operation of a home-based business, i.e., the sale of puppies and dogs. Indeed, plaintiff alleges that the County has instituted misdemeanor criminal charges against him in the District Court of Maryland arising out of his activity in selling animals. Plaintiff contends that he is not subject to regulation in the operation of the business as a matter of federal constitutional principles and seeks to enjoin such enforcement action.

Plaintiff is wrong. It has long been held that the police power of the states properly

extends to such regulation and that "[t]he procedures due in zoning cases, and by analogy due in cases . . . involving regulation of land use through general police powers, are not extensive." *Tri-County Paving, Inc. v. Ashe County,* 281 F.3d 436, 436 (4th Cir.2002) (citing *City of Eastlake v. Forest City Enters., Inc.,* 426 U.S. 668 (1976)). Moreover, plaintiff has failed to allege that the County's regulation of his activities is not rationally related to a legitimate governmental objective so as to violate equal protection. *See generally FCC v. Beach Communications, Inc.,* 508 U.S. 307, 313 (1993); *Tri-County,* 281 F.3d at 438-39.

In short, it is clear that plaintiff has failed to state a federal constitutional claim against *any* defendant. It is equally clear that plaintiff has available state court appellate review of any state trial court proceedings brought against him. Plainly, this court lacks jurisdiction to conduct such review. *See Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 296 (1969) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). *Cf. Rooker v. Fidelity Trust,* 263 U.S. 413, 416 (1923) (a district court cannot sit as an appellate tribunal to reverse or modify a state court judgment).

Under the circumstances, not only shall the State of Maryland's motion be granted, but the case shall be dismissed without prejudice for lack of federal jurisdiction. An Order follows.

Filed: January 29, 2007                         /s/_____
                                                ANDRÉ M. DAVIS
                                                United States District Judge